HOWARD A. SLAVITT (State Bar No. 172840)
ALLISON L. EHLERT (State Bar No. 230362)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California  94111-4213
Telephone:  415.391.4800
Facsimile:  415.989.1663
Email:   ef-has@cpdb.com
Email:   ef-ale@cpdb.com

MICHAEL A. ALBERT (admitted pro hac vice)
MICHAEL N. RADER (admitted pro hac vice)
CHELSEA A. LOUGHRAN (admitted pro hac vice)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts  02210-2206
Telephone: 617.646.8000
Facsimile: 617.646.8646
Email:   malbert@wolfgreenfield.com
         mrader@wolfgreenfield.com
         cloughran@wolfgreenfield.com

Attorneys for Defendant and Counterclaimant
THE JACKSON LABORATORY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| THE CENTRAL INSTITUTE FOR EXPERIMENTAL ANIMALS, a Japanese corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>THE JACKSON LABORATORY, a Maine corporation,<br><br>            Defendant. | Case No. CV 08-05568 RMW (PVT)<br><br>**STIPULATED PROTECTIVE ORDER** |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

1  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated
2  Protective Order. The parties acknowledge that this Order does not confer blanket protections on
3  all disclosures or responses to discovery and that the protection it affords extends only to the
4  limited information or items that are entitled under the applicable legal principles to treatment as
5  confidential. The parties further acknowledge, as set forth in Section 10 below, that this
6  Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil
7  Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will
8  be applied when a party seeks permission from the Court to file material under seal.

9      2.    DEFINITIONS

10          2.1    Party: any party to this action, including all of it officers, directors,
11  employees, consultants, retained experts, and outside counsel (and their support staff).

12          2.2    Disclosure or Discovery Material: all items or information, regardless of
13  the medium or manner generated, stored, or maintained (including, among other things, testimony,
14  transcripts, or tangible things) that are produced or generated in disclosures or responses to
15  discovery in this matter.

16          2.3    "Confidential" Information or Items: information (regardless of how
17  generated, stored or maintained) or tangible things that qualify for protection under standards
18  developed under F.R.Civ.P. 26(c).

19          2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:
20  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-
21  party would create a substantial risk of serious injury that could not be avoided by less restrictive
22  means.

23          2.5    Receiving Party: a Party that receives Disclosure or Discovery Material
24  from a Producing Party.

25          2.6    Producing Party: a Party or non-party that produces Disclosure or
26  Discovery Material in this action.

27          2.7    Designating Party: a Party or non-party that designates information or
28  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

Confidential – Attorneys' Eyes Only."

2.8     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.      DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each

Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those part of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available

for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ('CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party claiming confidentiality identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party claiming confidentiality may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days, from receipt of the transcript, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days of receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material should preferably be separately bound by the court reporter, who should preferably affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

instructed by the Party or non-party claiming confidentiality. In the alternative, if the court reporter does not prepare the transcript in the aforementioned fashion, the Party or non-party claiming confidentiality may identify to all other Parties, in writing, the pages containing confidential material within 20 days of receipt of the transcript.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing along, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3 Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

    7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and not for any other purpose, including research, product development, patent drafting or patent prosecution.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)  the Court and its personnel;

    (e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter (or otherwise identified as set forth above) and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g)  the author or recipient of the document or the original source of the information.

      7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  One House Counsel of a Receiving Party and one non-lawyer of a Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d)  the Court and its personnel;

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(f)  the author of the document or the original source of the information.

7.4   Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a)  Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written disclosure to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b)  A Party that  provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to prevent the disclosure to the Expert may, within three days of the expiration of the time period referenced in Section 7.4(b), file a motion seeking a protective order from the Court, accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the movant for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax and e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

1  confidential material – and nothing in these provisions should be construed as authorizing or

2  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

3       9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5  Material to any person or in any circumstance not authorized under this Stipulated Protective

6  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

8  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

9  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

10 Be Bound" that is attached hereto as Exhibit A.

11      10.     FILING PROTECTED MATERIAL

12      Without written permission from the Designating Party or a court order secured after

13 appropriate notice to all interested persons, a Party may not file in the public record in this action

14 any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

15 with Civil Local Rule 79-5.

16      11.     FINAL DISPOSITION

17      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

18 after the final termination of this action, including appeals, each Receiving Party must either

19 destroy or return all Protected Material to the Producing Party.  As used in this subdivision, "all

20 Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

21 reproducing or capturing any of the Protected Material.  Whether the Protected Material is

22 returned or destroyed, the Receiving Party must submit a written certification to the Producing

23 Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline

24 that identifies (by category, where appropriate) all the Protected Material that was returned or

25 destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

26 compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

27 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

28 motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if

such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Simmarily, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13. INADVERTENT PRODUCTION

Each party shall make efforts that are "reasonably designed" to protect its privileged materials.  *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001).  What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require "strenuous or Herculean efforts," just "reasonable efforts."  *See e.g., Hynix Semiconductor, Inc. v. Rambus, Inc.* 2008 WL 350641, *1-*2 (ND Cal., Feb. 2, 2008); *see also*, FED.R.CIV.PRO. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved).  When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate pre-production review, the parties may enter into non-waiver agreements for that particular production.  If the requesting party is unwilling to enter into such an agreement, the Producing Party may move the court for a non-waiver order.

In the event that, despite reasonable efforts, a Producing Party discovers it has inadvertently produced privileged materials, then within 30 calendar days the Producing Party shall notify the Receiving Party that the document(s) or materials should have been withheld on grounds of privilege.  After the Receiving Party receives this notice from the Producing Party

under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending resolution of the Producing Party's claim of privilege. The parties shall hold a meet and confer, as defined in Civil Local rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production. If the Producing Party and Receiving Party agree that the inadvertently produced material is privileged, and was disclosed despite efforts by the Producing Party that were "reasonably designed" to protect the materials, then the Receiving Party shall return or certify the destruction of all copies (including summaries) of such material. If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material. If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion.

14. COURT PROCEEDINGS AND TRIAL

This Protective Order, insofar as it restricts the dissemination and use of Protected Material, shall not apply to the introduction of evidence at trial or the display or discussion of Protected Material during hearings held by the Court, including but not limited to claim construction and summary judgment hearings. However, any Party may seek appropriate court orders, including without limitation, an order which restricts the use of any material covered by this Protective Order during trial or another Court proceeding, requests that portions of the transcript be sealed, or restricts access of the public to certain portions of the trial or other Court proceeding.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 20, 2009                    /s/ Ronald M. Daignault
                                       Ronald M. Daignault
                                       Stroock & Stroock & Lavan, LLP
                                       180 Maiden Lane
                                       New York, NY 10038
                                       Tel: 212-806-5400
                                       Attorneys for Plaintiff

| | |
|---|---|
| 1  DATED: May 20, 2009 | /s/ Michael N. Rader |
| 2 | Michael N. Rader |
|   | Wolf, Greenfield & Sacks, P.C. |
| 3 | 600 Atlantic Avenue |
|   | Boston, MA 02210 |
| 4 | Tel: 617-646-8000 |
|   | Attorneys for Defendant |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 5/22/09

                                                /s/ Patricia V. Trumbull
                                                PATRICIA V. TRUMBULL
                                                United States Magistrate Judge

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

EXHIBIT A:  ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of The Central Institute for Experimental Animals v. The Jackson Laboratory, CV 08-5568.  I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

12781.002.1141451v1

15

Case No. CV 08-05568 RMW (PVT)

**STIPULATED PROTECTIVE ORDER**