**E-FILED on** 11/19/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE CENTRAL INSTITUTE FOR EXPERIMENTAL ANIMALS, a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE JACKSON LABORATORY, a Maine corporation,<br><br>Defendant. | No. C-08-05568 RMW<br><br>ORDER DENYING DEFENDANT'S REQUEST TO FILE A MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 70]** |

At the initial case management conference in this case, the court ordered that motions for summary judgment that turned solely on a dispute of claim construction should be briefed and argued concurrently with claim construction. The court set up a letter-briefing procedure to resolve disputes as to whether particular issues were appropriate for summary adjudication with claim construction.

Defendant The Jackson Laboratory ("Jackson") seeks permission to move for summary judgment that it does not infringe United States Patent No. 7,145,055 ("'055 Patent") concurrently with claim construction. Jackson and plaintiff Central Institute for Experimental Animals ("CIEA") disagree as to whether Jackson will be legally entitled to summary judgment of non-infringement if

the court adopts Jackson's construction of "NOD/Shi mouse" and have filed letter briefs on the issue.

In the claim language at issue, "NOD" refers to the "non-obese diabetic" category of research mice originally developed in 1980 by Dr. Susumu Makino. Jackson Letter Brief 2 (Docket No. 70). Dr. Makino worked at Shionogi Research Laboratories at the time, and as a result his mouse colony took the name "NOD/Shi," where "Shi" is the "laboratory code" for Shionogi Research Laboratories. *Id*. Jackson argues that "[t]he inventors' choice of claim language means that the claims are limited to a process using mice from the NOD/Shi colony." *Id*. at 3. Specifically, Jackson contends that "NOD/Shi mouse" in the '055 Patent should be construed as: "A non-obese diabetic mouse from the original NOD mouse colony created by Dr. Susumu Makino at Shionogi Research Laboratories, or a mouse separated from that colony by less than 20 generations. NOD/Shi mice are commercially available from CLEA JAPAN, INC." Eppig Decl. ¶ 55 (Docket No. 65).

CIEA argues that the court should not adopt Jackson's proposed construction, contending that the 20-generation limitation is unwarranted. CIEA also argues that even if the court adopts Jackson's construction, a factual question will still remain as to whether Jackson's NOD/ShiLtSz mouse is a claimed NOD/Shi mouse and whether Jackson's NOD/LtSz mouse originates in part from the Shi colony. CIEA also says that it is entitled to prove that Jackson's mouse infringes the '055 Patent under the doctrine of equivalents. Jackson responds that Jackson's mouse cannot infringe under the doctrine of equivalents as a matter of law because it is "disclosed-but-unclaimed" subject matter in the '055 Patent.

The court's requirement that summary judgment motions that turn solely on claim construction be heard contemporaneously with claim construction is, in part, to efficiently resolve those issues that do not require further development. The practice is designed to expedite and narrow the issues to facilitate early disposition of cases or at least particular claims. The court necessarily relies on the good faith of the parties in identifying the claim dispositive disputed claim terms, and, therefore, will generally accept a party's representation with respect to whether claim construction will be dispositive. If the court later finds that counsel's representation was not made in good faith, the court has remedies it can impose on the offending party such as the award of attorney's fees under 28 U.S.C. § 1927. Here, Jackson says that CIEA has no evidence to support its

claim that if Jackson's construction is adopted, there will still be a factual question of whether NOD/LtSz mice from Jackson are part of the NOD/Shi colony. The court accepts at this time CIEA's representation that it has a good faith basis for its argument. If it turns out that CIEA, in fact, has no such evidence, the court will take appropriate action. Jackson's argument that CIEA's doctrine of equivalents claim has no merit as a matter of law also raises issues, although perhaps only legal ones, in addition to claim construction. It appears that issues involving what CIEA previously disclosed and admitted may be contested.

The court, depending upon its construction, may schedule further summary judgment motions as the next step in the litigation, but it is not going to set Jackson's proposed motion to be heard concurrently with claim construction.

DATED: 11/19/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Joseph Diamante | JDiamante@stroock.com |
| Kenneth E. Keller | kkeller@kksrr.com |
| Michael David Lisi | mlisi@kksrr.com |
| Ronald Marc Daignault | rdaignault@stroock.com |

**Counsel for Defendant:**

| | |
|---|---|
| Chelsea A Loughran | cloughran@wolfgreenfield.com |
| Howard Alan Slavitt | EfilingHAS@cpdb.com |
| Michael A. Albert | malbert@wolfgreenfield.com |
| Michael Rader | mrader@wolfgreenfield.com |
| Allison Lee Ehlert | ale@cpdb.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 11/19/09     CCL
**Chambers of Judge Whyte**