**United States District Court**
For the Northern District of California

**E-FILED on** 12/18/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE CENTRAL INSTITUTE FOR EXPERIMENTAL ANIMALS, a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE JACKSON LABORATORY, a Maine corporation,<br><br>Defendant. | No. C-08-05568 RMW<br><br>ORDER DENYING CIEA'S MOTION TO POSTPONE THE TUTORIAL AND CLAIM CONSTRUCTION HEARING<br><br>**[Re Docket No. 123]** |

Plaintiff, the Central Institute for Experimental Animals ("CIEA"), moves to change the date for the tutorial and claim construction hearing, currently scheduled for January 26, 2010 and January 27, 2010, to the earliest possible date in March. CIEA seeks this postponement because its expert, Dr. Raif Geha, requires back surgery on January 19, 2010 and therefore is not able to present a tutorial the following week. Defendant, the Jackson Laboratory ("Jackson"), opposes the motion and seeks to preclude CIEA from introducing an expert witness for either the tutorial or the claim construction hearing because CIEA did not timely disclose its expert witness as required by the Patent Local Rules.

1    Patent Local Rule 4-2(b) requires designating the testimony of expert witnesses that will be
2 used in support of claim construction and providing "a description of the substance of that witness'
3 proposed testimony that includes a listing of any opinions to be rendered in connection with claim
4 construction." Likewise, Patent Local Rule 4-3(e) provides: "Whether any party proposes to call
5 one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for
6 each witness, a summary of his or her testimony including, for each expert, each opinion to be
7 offered related to claim construction." CIEA's Patent L.R. 4-2 preliminary claim construction
8 disclosure did not identify an expert witness for claim construction or for the tutorial. Ex. A to D.I.
9 126. The parties' Patent L.R. 4-3 joint claim construction and prehearing statement also did not
10 include any disclosure of an expert witness for claim construction or for the tutorial by CIEA. D.I.
11 69.

12    CIEA contends that it was not required to disclose Dr. Geha as an expert witness because it
13 seeks only to have him present a tutorial, not to testify regarding claim construction. If Dr. Geha's
14 only purpose is to educate the court regarding basic, undisputed technical issues as CIEA contends,
15 he might have been a helpful teacher for a tutorial. However, the nature of any tutorial has to be
16 agreed upon by the parties or worked out with the court. Moreover, pursuant to the case
17 management conference on June 5, 2009, the court understood that the structure for any tutorial
18 would be by the agreement of the parties and not by the unilateral action of either party choosing its
19 own method of presenting the tutorial. CIEA's unilateral decision to have an undisclosed expert
20 present its portion of the tutorial would appear to be more akin to an offer of expert testimony rather
21 than the joint presentation of agreed upon background information. As discussed above, CIEA has
22 failed to meet the expert witness disclosure requirements in the Patent Local Rules, and therefore it
23 is precluded from offering expert witness testimony in relation to the claim construction hearing
24 except as may be agreed by the parties for a tutorial. The court does anticipate the parties will
25 present a tutorial but the method of presentation and content must be agreed upon by the parties.

26    For the foregoing reasons, the court denies CIEA's motion to postpone the tutorial and claim
27 construction hearing. In addition, CIEA may not call an expert witness at the claim construction
28

hearing because no expert was disclosed. The parties are free, however, to agree upon the use of an expert or experts for a tutorial.

DATED: 12/18/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Joseph Diamante         JDiamante@stroock.com
Kenneth E. Keller       kkeller@kksrr.com
Michael David Lisi      mlisi@kksrr.com
Ronald Marc Daignault   rdaignault@stroock.com

**Counsel for Defendant:**

Chelsea A Loughran      cloughran@wolfgreenfield.com
Howard Alan Slavitt     EfilingHAS@cpdb.com
Michael A. Albert       malbert@wolfgreenfield.com
Michael Rader           mrader@wolfgreenfield.com
Allison Lee Ehlert      ale@cpdb.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**  12/18/09                                CCL
                                        **Chambers of Judge Whyte**